IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, a Trust Fund, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3088-CV-S-DW |
| MIDLAND MASONRY CONTRACTORS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the motion of the Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Vacation Fund and Construction Industry Laborers Training Fund, Plaintiffs in the above-entitled cause, for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion is granted.

On March 3, 2006, Plaintiffs filed their Complaint against Defendant. Defendant was served through its Registered Agent, Haskell Britton, Jr., with a copy of the Summons and Complaint on March 10, 2006. Defendant has failed to answer or otherwise defend as to Plaintiffs' Complaint, or serve a copy of any answer or other defense upon Plaintiffs' attorneys of record or upon Plaintiffs. The Court entered a show-cause Order on May 26, 2006 directing Defendant to show cause why default judgment should not be entered against it. Defendant did not respond to the Court's Order.

Therefore, the Court hereby ORDERS that judgment by default be entered against Defendant, Midland Masonry Contractors, Inc., and in favor of Plaintiffs and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

1

COUNT I:

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2004, to date.

2. That Plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2004, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

COUNT II:

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2004, to date.

2. That Plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2004, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

COUNT III:

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2004, to date.

2. That Plaintiff, Construction Industry Laborers Vacation Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2004, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Vacation Fund on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

COUNT IV:

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2004, to date.

2. That Plaintiff, Construction Industry Laborers Training Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2004, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment

5

for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Training Fund on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

Date: August 28, 2006

/S/ DEAN WHIPPLE
Dean Whipple
United States District Court